_____

### IN THE UNITED STATES DISTRICT COURT

### CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | | |
|---|---|---|
| **CUMMINGS, et. al.** | : | Civil No. 2:09-cv-00046 |
| **Plaintiffs,** | : | |
| vs. | : | **MEMORANDUM DECISION & ORDER** |
| **MCGOVERN, et. al.** | : | |
| **Defendants.** | | **JUDGE CLARK WADDOUPS** |
| | | **MAGISTRATE JUDGE BROOKE C. WELLS** |

_____

Currently before the Court is defendant Robert McGovern and defendant Gil Contreras' Motion To Quash Service.[1] On December 18, 2008, plaintiffs served defendants by leaving a copy of the summons and complaint with Mr. Randy Simons, a fellow employee at Dynaflex Products. Defendants, however, contend that service was not in accordance with State and Federal Rules of Civil Procedure, and therefore service should be quashed. Specifically, defendants contend that the rules require service on the individual person[2] or to a person of suitable age and discretion at the

_____

[1] Docket No. 4.

[2] Federal Rule of Civil Procedure 4(e)(2)(A).

party's dwelling house or usual place of abode.[3]

Upon consideration of the pending motion the Court finds, however, that defendants overlook Federal Rule of Civil Procedure (4)(e)(1) which provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located *or where service is made.*"[4]  Here, service was made in the State of California.[5]  In California, a summons may be served by leaving a copy at the person's office with an individual who is "apparently in charge thereof" and then by mailing a copy of the summons and complaint to the person being served at the place where the summons and complaint were left.[6]  In compliance therewith plaintiffs left a copy of the summons and complaint with Mr. Randy Simons[7] at the Dynaflex office.  Subsequent thereto, defendants mailed a copy of the summons and complaint to the offices of Dynaflex as reflected in the Returns of Service.[8]

Accordingly, the Court finds that service on defendants complies with both the

---

[3] Federal Rule of Civil Procedure 4(e)(2)(B)

[4] Federal Rule of Civil Procedure 4(e)(1).

[5] Defendants' Memorandum In Support, Exhibits A and B.

[6] California Code of Civil Procedure 415.20(a). "[A] summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by mailing a copy of the summons and complaint by first-class mail, postage prepaid to person to be served at the place where a copy of the summons and complaint were left."

[7] Defendants contend that Mr, Simmons is the Chief Financial Officer of Dynaflex.

[8] Defendants' Memorandum In Support, Exhibit A.

Federal Rules of Civil Procedure and the California Code of Civil Procedure and therefore defendants' Motion To Quash is denied.

DATED this 11th day of August, 2009.

BY THE COURT:

_____
Brooke C. Wells
United States Magistrate Judge