IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CRAIG CUMMINGS, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT L. MCGOVERN, *et al.*, <br><br> Defendants. | ORDER and MEMORANDUM DECISION <br><br><br><br> Case No. 2:09-cv-46 CW |

This court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir.1998) (internal quotation marks and citation omitted). In this action, removal jurisdiction was invoked based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. As the court reviewed the notice of removal in this matter, however, it has become apparent that the underlying complaint and the subsequent pleadings do not establish that the requirements of § 1332 have been met.

First, while various parties are limited liability companies, the state citizenship of each member of each such company is not alleged in the complaint or otherwise established by the record. Because these facts have not been shown, there is a failure to demonstrate diversity here. The law is well established that "for entities other than corporations," the court's "'diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of . . . each of its

members.'"  *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir.1991) (*quoting Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990)).

The other impediment to diversity jurisdiction here is that Plaintiffs have named 100 fictitious, or "Doe," defendants without making any allegations regarding their state citizenship. Generally, a plaintiff's failure to make allegations about the state citizenship of fictitiously named defendants destroys diversity jurisdiction and can lead to dismissal or remand.  *See, e.g., Commonwealth Property Advocates, LLC v. Ocwen Loan Servicing, LLC*, No. 2:10-CV-86 CW, 2010 U.S. Dist. LEXIS 42228, 2010 WL 1737583 (D. Utah April 29, 2010).

## ORDER AND CONCLUSION

For the reasons set forth above, the court finds that it lacks jurisdiction in this matter. Accordingly, this case is REMANDED to the state court from which it was removed and CLOSED.

SO ORDERED this 16th day of September, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge